**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**GAINESVILLE DIVISION**

| | | |
|---|---|---|
| EDWARD STALEY, Inmate No. 419570 | : | PRISONER HABEAS CORPUS 28 U.S.C. § 2254 |
| Petitioner, | : | |
| v. | : | CIVIL ACTION NO. 2:05-CV-00072-RWS |
| HILTON HALL, Warden, | : | |
| Respondent. | : | |

**ORDER**

Petitioner Edward Staley brought this habeas petition challenging his September 14, 1984 convictions for child molestation (following a guilty plea), and the October 28, 2002 revocation of his parole after he pled guilty to engaging in multiple recidivist acts. After reviewing Petitioner's filings and addressing the merits of his arguments, Magistrate Judge Susan S. Cole issued a Report [18] wherein she recommended that the Petition be denied. This Court, over Petitioner's objection, received Judge Cole's Report with approval,

adopted her recommendations,[1] and dismissed the case.

Petitioner has now filed a Motion to Appoint Counsel [26], a Motion for Leave to File Errata, Amendments, and Supplements [27], a Motion for Reconsideration of Denial and Dismissal of Habeas and Other Included Motions [28], a Motion for Leave to File Supplemental Argument [29], a

---

[1] The Court's March 22, 2006 Order also addressed Petitioner's contention, not directly resolved by the Magistrate, that the "specific intent" necessary to sustain his convictions could not be gleaned from the record. It found this argument to lack merit. By pleading guilty to the charges contained in the indictment, Petitioner admitted each of the elements of those charges. United States v. Broce, 488 U.S. 563, 570, 109 S. Ct. 757, 102 L. Ed. 2d 927 (1989) ("By entering a plea of guilty, the accused is not simply stating that he did the discrete acts described in the indictment; he is admitting guilt of a substantive crime."); Wharton v. Anderson, 504 S.E.2d 670, 672-73 (1998) (holding likewise); see also Wallace v. Turner, 695 F.2d 545, 548 (11th Cir. 1983) ("We . . . hold that the due process clause does not impose a constitutional duty on state trial judges to ascertain a factual basis before accepting a plea of guilty . . . that is not accompanied by a claim of innocence."); United States v. Newman, 912 F.2d 1119, 1123-24 (9th Cir. 1990) (rejecting argument that plea was not voluntary despite silence of transcript from state proceedings *vis-a-vis* element of specific intent).

What is more, the record here reflects that Petitioner was made well aware of the intent element of the charged offense. Compare Henderson v. Morgan, 426 U.S. 637, 96 S. Ct. 2253, 49 L. Ed. 2d 108 (1976) (finding guilty plea to second degree murder involuntary where trial court explicitly found that element of intent had not been explained to defendant with below average intelligence). Petitioner's guilty plea was accompanied by a signed statement indicating that his lawyer had explained to him the charges contained in the indictment. (See Docket No. 5, at Ex. 6, pp. 274-75.) His attorney also signed the document, and the presiding judge certified that Petitioner "ha[d] been . . . fully advised of his rights and the charges against him[.]" (Id. at 275.) There is thus no basis for concluding that his guilty plea was not voluntarily and knowingly made. See Marshall v. Lonberger, 459 U.S. 422, 436-37, 103 S. Ct. 843, 74 L. Ed. 2d 646 (1983).



AO 72A
(Rev.8/82)

Motion to Appeal *in Forma Pauperis* [30], and a Motion for Extension of Time to File Petition for Certificate of Appealability [31]. The Court has reviewed the record, and now enters the following Order.

**Discussion**

As a preliminary matter, Petitioner's request, found in his Motion for Reconsideration of Denial and Dismissal of Habeas and Other Included Motions [28], for a copy of the docket sheet in each of his habeas actions is **GRANTED**. The Clerk is **DIRECTED** to mail Petitioner copies of the docket sheets in Civil Action Nos. 1:05-CV-1191-RWS, 2:05-CV-0059-RWS, and 2:05-CV-0072-RWS, along with a copy of this Order.

Conversely, Petitioner's Motion to Appoint Counsel [26] is **DENIED**.[2] Prisoners enjoy no constitutional right to counsel when bringing collateral attacks on their convictions. Pennsylvania v. Finley, 481 U.S. 551, 555, 107 S. Ct. 1990, 95 L. Ed. 2d 539 (1987) ("We think that since a defendant has no federal constitutional right to counsel when pursuing a discretionary appeal on direct review of his conviction, *a fortiori*, he has no such right when attacking a

[2] Petitioner's "Renewed Motion for Appointment of Counsel," contained in his Motion for Reconsideration of Denial and Dismissal of Habeas and Other Included Motions [28], is likewise **DENIED**.



AO 72A
(Rev.8/82)

conviction that has long since become final upon exhaustion of the appellate process."). Rather, appointment of an attorney is appropriate only where "the interests of justice so require." 18 U.S.C. § 3006A. That standard has not been met here.

Notwithstanding Petitioner's protestations to the contrary, the issues in this case are not especially complex. While Petitioner's challenges to the Georgia child molestation statute may be "novel" in the sense that, apparently, no other litigant has yet endeavored to pursue such dubious avenues of attack, he has demonstrated himself more than capable of harnessing authority and argument in support of his claims. Indeed, a review of the more than three hundred pages that make up his Petition and Objections to the Magistrate's Report and Recommendation, and the hundreds of cases cited therein, leaves the Court with the firm conviction that appointment of counsel would do little to assist Petitioner in this case. Justice does not require that the Court appoint an attorney to assist him.

Next, the Court **GRANTS as unopposed** Petitioner's Motion for Leave to File Errata, Amendments, and Supplements [27], his Motion for Leave to File Supplemental Argument [29], and his "Renewed Motion to Have



AO 72A
(Rev.8/82)

Objections and Arguments Added to Original Pleadings," contained in his Motion for Reconsideration of Denial and Dismissal of Habeas and Other Included Motions [28]. Having reviewed the contentions advanced in these filings, however, the Court remains unpersuaded that Petitioner's claims have merit.

For similar reasons, the Court **DENIES** Petitioner's Motion for Reconsideration of Denial and Dismissal of Habeas and Other Included Motions [28], insofar as he seeks a contrary disposition of his Petition. Under the Local Rules of this Court, "[m]otions for reconsideration shall not be filed as a matter of routine practice." LR 7.2(E), NDGa. Consequently, motions for reconsideration are not to be submitted as a matter of course, but only when "absolutely necessary." Id. Such absolute necessity arises where there is "(1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact." Bryan v. Murphy, 246 F. Supp. 2d 1256, 1258-59 (N.D. Ga. 2003).

Conversely, motions for reconsideration may not be used as a vehicle to "repackage familiar arguments to test whether the court will change its mind." Bryan, 246 F. Supp. 2d at 1259 (N.D. Ga. 2003). Likewise, such motions "may

not be used to offer new legal theories or evidence that could have been presented in conjunction with the previously filed motion or response, unless a reason is given for failing to raise the issue at an earlier stage in the litigation." Adler v. Wallace Computer Servs., Inc., 202 F.R.D. 666, 675 (N.D. Ga. 2001).

Here, the arguments Petitioner raises in support of his request for reconsideration add nothing to those that this Court has already rejected. For all the reasons set forth in the Magistrate's Report and Recommendation and this Court's March 22, 2006 Order, his contentions lack merit. Reconsideration of the matter would serve no purpose.

Petitioner additionally moves for leave to appeal *in forma pauperis*. In order to obtain such leave, he must show that his appeal is taken in good faith–that is, that his claims are not frivolous. See 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24; Coppedge v. United States, 369 U.S. 438, 445, 82 S. Ct. 917, 8 L. Ed.2d 21 (1962); Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999); United States v. Wilson, 707 F. Supp. 1582, 1583 (M.D. Ga. 1989), aff'd., 896 F.2d 558 (11th Cir. 1990). An issue is frivolous when it appears that the legal theories are "indisputably meritless"; see Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, 104 L. Ed.2d 338 (1989); Carroll v. Gross, 984



AO 72A
(Rev.8/82)

F.2d 392, 393 (11th Cir. 1993); that is, that they are "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001) (same). "Arguable means capable of being convincingly argued." Sun v. Forrester, 939 F.2d 924, 925 (11th Cir. 1991) (per curiam).

In the instant case, the Court certifies that Petitioner's appeal is not taken in good faith, as that concept has been defined by the aforementioned authorities. The exhaustively articulated grounds for habeas relief, including Petitioner's argument that the Georgia child molestation statute must be read to proscribe only the sexual exploitation of an accused's "legitimate descendants," are devoid of even arguable merit. In light of this manifest frivolity, made plain by the Magistrate's Report and Recommendation and the March 22, 2006 Order of this Court, Petitioner's Motion to Appeal *in Forma Pauperis* [30] is **DENIED**.

As a final matter, Petitioner has not yet requested a certificate of appealability. Instead, he asks that the Court clarify the date on which such a request is due, and provide him with an "extension of time," until thirty days after the Court resolves his Motion to Reconsider, in which to make such a

motion. The Eleventh Circuit, in Hamilton v. Ford, 969 F.2d 1006, 1010 n.2 (11th Cir. 1992), indicated that a motion for a certificate of appealability is timely if it is filed within the thirty-day window established by Federal Rule of Appellate Procedure 4(a), which sets forth the deadline for appeals in civil cases. That Rule provides that, where motions to reconsider have been filed, "the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion[.]" FED. R. APP. P. 4(a)(4)(A). Consequently, Petitioner has thirty days from the date appearing on this Order within which to request a certificate of appealability. Because his requests for an extension of time ask for no more than this, they are **DENIED as moot**.

**Conclusion**

For the convenience of the Clerk, the Court's resolution on the motions pending before it are summarized in the following table:

| Motion | Resolution |
|---|---|
| Motion to Appoint Counsel [26] | DENIED. |
| Motion for Leave to File Errata, Amendments, and Supplements [27] | GRANTED as unopposed. |
| Motion for Reconsideration of Denial and Dismissal of Habeas and Other Included Motions [28] | GRANTED in part and DENIED in part, as follows: |



AO 72A
(Rev.8/82)

| | |
|---|---|
| Motion for Enlargement of Time to File Application for Certificate of Appealability | DENIED as moot. |
| Motion for a Copy of Docket for Each Habeas | GRANTED. The Clerk is DIRECTED to mail Petitioner copies of the docket sheets for Civil Action Nos. 1:05-CV-1191-RWS, 2:05-CV-0059-RWS, and 2:05-CV-0072-RWS, along with a copy of this Order. |
| Motion to be Informed of Date Application for Certificate of Appealability is Due in this Court | GRANTED. Petitioner has thirty days from the date appearing on this Order to file his application. |
| Renewed Motion for Appointment of Counsel | DENIED. |
| Renewed Motion to Have Objections and Arguments Added to Original Pleadings | GRANTED as unopposed. |
| Motion for Reconsideration | DENIED. |
| Motion for Leave to File Supplemental Argument [29] | GRANTED as unopposed. |
| Motion to Appeal *in Forma Pauperis* [30] | DENIED. |
| [Second] Motion for Extension of Time to File Petition for Certificate of Appealability [31] | DENIED as moot. |

**SO ORDERED** this 25th day of April, 2006.

RICHARD W. STORY
UNITED STATES DISTRICT JUDGE



AO 72A
(Rev.8/82)